

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

David P. Kehoe
Special Assistant United States Attorney
David.kehoe2@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4973
MAIN: 410-209-4800
FAX: 410-962-3091

September 3, 2015

Howard E. Goldman, Esquire
100 Church Lane
Pikesville, Maryland 21208

    Re:    United States v. Charles Henry Crocker
            Criminal #: RDB-15-0422

Dear Mr. Goldman:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by Friday, September 4, 2015 at 5:00 p.m., it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count One the Indictment now pending against him, charging him with Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a.    That on or about April 25, 2015, in Maryland, the Defendant knowingly possessed and accessed visual depictions with intent to view;

    b.    That the visual depictions were transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

    c.    That the visual depictions were of one or more minors engaged in sexually explicit conduct; and

d.  That the Defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

3.  Although not an element of the offense, because the Defendant is being sentenced within an enhanced statutory maximum pursuant to Title 18, United States Code, Section 2252A(b)(2), the following additional fact is necessary: the Defendant committed the charged offense having been previously convicted for the possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

## Penalties

4.  (a) The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is imprisonment for not less than ten (10) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

(b)  The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

5.  The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.  If the Defendant had persisted in a plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty

of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

6.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will

3

impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a. The base offense level is eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(1).

   b. Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12). **(Subtotal: 20).**

   c. Pursuant to U.S.S.G. §2G2.2(b)(3)(F), there is a five (5) level increase because the offense involved distribution. **(Subtotal: 25).**

   d. Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. **(Subtotal: 27).**

   e. Pursuant to U.S.S.G. §2G2.2(b)(7)(C) and Application Note 4(B)(ii), there is a four (4) level increase because the offense involved at least 300 images but fewer than 600 images. **(Subtotal: 31).**

   f. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

8. Thus, the final anticipated offense level is **28**.

9. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

10. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors,

4



potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

### Rule 11(c)(1)(C) Plea

11. The parties stipulate and agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following sentence is the appropriate disposition of this case: a sentence of one hundred twenty (120) months of incarceration. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

### Obligations of the United States Attorney's Office

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

### Restitution

13. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Collection of Financial Obligations

14. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

15.     In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

16.     The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Forfeiture

17.     Your client agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on May 1, 2015, and August 7, 2015. He further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include, but are not limited to: (1) an HP desktop computer, serial number 4CI5180L3D, (2) an Apple iPhone, serial number: F17M3E2TFF9R, (3) an HP Pavilion desktop computer, serial number: MXU2050KXT, (4) an HP laptop, serial number: 5CB4082PFL, (5) a Toshiba external hard drive, serial number: Z41YY23GSU17, and (6) an Antec external hard drive that contains a Seagate Barracuda hard drive, 500GB, serial number: 9VMLS8NN.

## Waiver of Appeal

18.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

     a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

     b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence in imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

     c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

     d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

e.      The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

## Obstruction or Other Violations of Law

19.      The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) files a motion to withdraw his guilty plea, or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

20.      The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Agreement Does Not Cover Production of Child Pornography Or Sexual Activity with a Minor

21.      The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's computer(s) and other electronic media. Should such examination result in evidence that the Defendant was involved in the production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.



7

## Entire Agreement

22. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
David P. Kehoe
Special Assistant United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

9-8-15
Date

_____
Charles Henry Crocker

I am Charles Henry Crocker's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

9/8/15
Date

_____
Howard E. Goldman, Esq.

## Attachment A

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Charles Henry Crocker ("Crocker"), age 45, is a resident of Phoenix, Maryland. As detailed below, Crocker used his computer to distribute and possess child pornography.

On July 18, 2003, Crocker was convicted of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), in the Middle District of Florida. Crocker was sentenced to 27 months in prison and 3 years' supervised release. Crocker was also ordered to register as a sex offender.

On April 25, 2015, a detective from the Baltimore County Police Department, working in an undercover capacity, used a computer connected to the internet to conduct an online investigation into the sharing of child pornography on the BitTorrent Peer-to-Peer ("P2P") file sharing network. BitTorrent is a program used to exchange files between computer users. The detective located Internet Protocol ("IP") address 69.250.191.190, because it was associated with a torrent with an infohash value identified as being a file of investigative interest to child pornography investigations. Using a computer running investigative BitTorrent software, the detective directly connected to the device at IP address 69.250.191.190. The device reported it was using BitTorrent client software: -AZ5600- Vuze 5.6.0.0.

On April 25, 2015, the undercover detective ran the BitTorrent software program and direct connected to IP address 69.250.191.190 and successfully completed the download of one movie file that IP address 69.250.191.190 was making available. The device at IP address 69.250.191.190 was the sole candidate for the download, and as such, the file was downloaded directly from this IP address. The video file contained a visual depiction of a minor engaging in sexually explicit conduct and is child pornography under 18 U.S.C. § 2256(8). In the one video, the title of which is "Young Video Models - Angelina #3.avi," it begins with the words "Angelina #3 9 years old" displayed across the screen. The video depicts a naked prepubescent female who poses in various positions. Within some of the positions, the prepubescent female's vagina is the focal point of the video. The length of the video is fifty-eight minutes and four seconds.

A public database query determined that the IP address 69.250.191.190 was managed by Comcast. Comcast provided records which establish that on April 25, 2015, between 0001 hours EDT and 2359 hours EDT, the time that includes the download of the relevant file, IP address 69.250.191.190 was assigned to: Charles Crocker, 2912 Paper Mill Road, Phoenix, Maryland 21131, telephone number: 727-412-2498, account creation date: 11/11/2014.

1

On May 1, 2015, a state search warrant for Crocker's residence was executed by officers from the Baltimore County Police Department. Crocker was present during the execution of the search warrant. Crocker was advised of his rights per *Miranda* and stated that he understood his rights and agreed to be interviewed. During the interview, Crocker stated that he owned a laptop and desktop computer and that he was the only user of those computers. Crocker also owned two external hard drives. Crocker admitted that he used the file sharing program Vuze, searched for images of "teen models" on the internet, began looking at child pornography a couple of years after being released from prison from his prior conviction, and that he sometimes masturbates to the video files.

Investigators conducted a forensic preview of the HP desktop computer that Crocker stated was his. Investigators located evidence of files with titles indicative of child pornography. Investigators conducted a forensic preview of the HP laptop computer that Crocker stated was his and was found on his bed. Investigators located the file sharing program Vuze installed on the laptop. Investigators conducted a forensic preview of the Seagate hard drive that was located inside the Antec external hard drive, and was attached to the HP laptop. Investigators located several videos that depicted prepubescent and minor females posing sexually to expose their vaginal area and anus while wearing "g-string" type of underwear.

On May 26, 2015, a federal search warrant was executed for the two computers and two external hard drives seized during the execution of the state search warrant at Crocker's home. The forensic examination of the Antec external hard drive revealed additional videos of child erotica and child pornography, including, but not limited to, the following:

- A file titled "previewNKR1.avi," a video that depicts two minor females partially nude, posing in various sexual positions exposing their vaginas;

- A file titled "YoungVideoModels.net Nadia 24.avi," a video that depicts a minor female, partially nude, posing in various sexual positions that expose her vagina;

- A file titled "yvm yulya lean teen.avi," a video that depicts a minor female, partially nude, posing in various sexual positions that expose her vagina; and

- A file titled "YVM-R01-Roxana," a video that depicts a minor female, partially nude, posing in various sexual positions that expose her vagina.

In addition, forensics of the hard drives found the installation of the CCleaner computer program on Crocker's laptop and desk top computers on April 23, 2015. The CCleaner program is used to delete internet browner history and files from a computer, including files located in unallocated space. The CCleaner program was last operated on Crocker's laptop computer on April 29, 2015, and on Crocker's desk top computer on April 27, 2015.

Investigators returned to the Crocker's residence on August 7, 2015 and received from a family member an additional laptop and cellphone used by Crocker.

The Antec external hard drive was manufactured outside of the state of Maryland. The child pornography found in Crocker's possession was transported in or affecting interstate or foreign commerce, and was produced using materials that had been transported in or affecting interstate or foreign commerce.

The items seized from Crocker include: (1) an HP desktop computer, serial number 4C15180L3D, (2) an Apple iPhone, serial number: F17M3E2TFF9R, (3) an HP Pavilion desktop computer, serial number: MXU2050KXT, (4) an HP laptop, serial number: 5CB4082PFL, (5) a Toshiba external hard drive, serial number: Z41YY23GSU17, and (6) an Antec external hard drive that contains a Seagate Barracuda hard drive, 500GB, serial number: 9VMLS8NN.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

*[signature]*
Charles Henry Crocker

I am Mr. Crocker's attorney. I have carefully reviewed the statement of facts with him.

*[signature]*
Howard E. Goldman, Esquire
Counsel for Charles Henry Crocker